NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

LEONARD DWIGHT BRIDEWELL,
*Appellant*.

No. 1 CA-CR 21-0585
FILED 5-24-2022

Appeal from the Superior Court in Maricopa County
No. LC2021-000270-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Peoria City Attorney's Office, Peoria
By Vanessa Hickman, Rebecca Strickland
*Counsel for Appellee*

Leonard Dwight Bridewell, Peoria
*Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

**M O R S E**, Judge:

¶1        Leonard Dwight Bridewell appeals from the superior court's judgment affirming his justice court misdemeanor conviction for disorderly conduct.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Bridewell and his wife had a domestic dispute at their apartment.  Police responded to the scene and charged Bridewell with disorderly conduct and assault, both domestic-violence offenses.  A bench trial before the Peoria Municipal Court followed, and the court found Bridewell guilty of disorderly conduct.

¶3        Bridewell appealed the conviction to the Maricopa County Superior Court.  The superior court affirmed.  Bridewell then appealed to this Court.  The State moved to dismiss the appeal for lack of jurisdiction, but we denied the motion based on Bridewell's contention that his appeal challenged the facial validity of the disorderly conduct statute.  We have jurisdiction under A.R.S. § 22-375.

## DISCUSSION

¶4        The scope of our review is limited to Bridewell's assertion that the disorderly conduct statute is void for vagueness.  *See* A.R.S. § 22-375 ("An appeal may be taken by the defendant . . . from a final judgment of the superior court in an action appealed from a justice of the peace or municipal court, if the action involves the validity of a . . . statute.").  Because the other issues Bridewell raises fall outside our jurisdiction, we decline to consider them. *Id*.

¶5        We review the constitutionality of a statute de novo.  *State v. Kaiser*, 204 Ariz. 514, 517, ¶ 8 (App. 2003).  We presume the statute's constitutionality, *Fann v. State*, 251 Ariz. 425, 433, ¶ 23 (2021), and the complaining party must demonstrate its invalidity, *Hall v. Elected Officials' Ret. Plan*, 241 Ariz. 33, 38, ¶ 14 (2016).

**¶6**          "A statute is void for vagueness if it fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly." *State v. Burbey*, 243 Ariz. 145, 149, ¶ 15 (2017) (alteration in original) (cleaned up). "Such laws violate due process because they fail to provide fair warning of criminal conduct and do not provide clear standards to law enforcement to avoid arbitrary or discriminatory enforcement." *Id.*

**¶7**          The disorderly conduct statute provides that a person commits disorderly conduct "if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person: [e]ngages in fighting, violent or seriously disruptive behavior." A.R.S. § 13-2904(A)(1). And our supreme court rejected a vagueness challenge to a prior version of Arizona's disorderly conduct offense. *See State v. Starsky*, 106 Ariz. 329, 330-32 (1970) (upholding disorderly conduct statute that included prohibitions on disturbing the peace by "[t]hreatening, traducing, quarreling, challenging to fight or fighting"). For purposes of a vagueness challenge, we discern no material difference between the current and prior versions of the statute.

**¶8**          Bridewell claims the statute is unconstitutionally vague because it did not allow him "to delineate between conduct that was deemed lawful or unlawful." But Bridewell must show something more than his own confusion—he must demonstrate that the statute is unintelligible to the person of "ordinary intelligence." *Burbey*, 243 Ariz. at 149, ¶ 15. Due process does not require "perfect notice" and a statute is not "void for vagueness simply because it may be difficult for the public to determine how far they can go before they are in actual violation." *Fuenning v. Superior Court*, 139 Ariz. 590, 598 (1983). Because due process "requires only that the language of a statute convey a definite warning of the proscribed conduct," *id.*, Bridewell fails to overcome the presumption of constitutionality, *see Hall*, 241 Ariz. at 38, ¶ 14.

## CONCLUSION

**¶9**          Bridewell's conviction is affirmed.

